**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2012

No. 11-10462

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD W. SLOVACEK, also known as Ron Slovacek,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-289-12

Before BARKSDALE, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ronald W. Slovacek appeals his convictions of conspiracy to commit bribery concerning a local government receiving federal benefits, in violation of 18 U.S.C. §§ 371, 666(a)(1)(B), and 666(a)(2); bribery concerning a local government receiving federal benefits and aiding and abetting bribery, in violation of 18 U.S.C. §§ 666(a)(1)(B) and (2); and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). He contends that the district court erred in denying his motion to dismiss the superseding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10462

indictment and in giving an *Allen* charge to the jury. Slovacek also argues there is insufficient evidence to support his convictions. For the reasons hereinafter assigned, we AFFIRM.

Slovacek, a construction contractor, was convicted of participating in a bribery scheme related to real estate developments and low-income housing construction projects in Dallas, Texas. Slovacek was found guilty of paying kickbacks to Dallas City Councilman Donald Hill and City Plan and Zoning Commissioner D'Angelo Lee, in return for their assistance in winning a lucrative construction subcontract. He laundered proceeds from the subcontract, as well as the kickback funds, through his business account.

Fourteen defendants were indicted and convicted, by plea or trial, for participating in some aspect of the corruption scheme. Because Slovacek provided the government with substantial evidence under a proffer agreement and because the government sought to use that evidence to prove the case against Slovacek's co-defendants, the district court severed Slovacek's case. The government submitted a superseding indictment to the new grand jury that omitted all the information that Slovacek's attorneys had objected to as being in violation of the proffer agreement. The grand jury indicted Slovacek on the basis of the superseding indictment. On appeal, Slovacek contends that the district court erred in denying his motion to dismiss the superseding indictment.

Slovacek was the sole source of only two pieces of information in the superseding indictment: the exact language of the notations on two checks, which the government obtained from the check registry that Slovacek gave to the government. The challenged information partially implicates only two of the more than one hundred overt acts that the government presented in the superseding indictment. Moreover, the government presented additional evidence that verified the substance of these notations. Therefore, any error was harmless. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988)

(concluding that the harmless-error analysis applies where a court is asked to dismiss an indictment); *United States v. Whitfield*, 590 F.3d 325, 359 (5th Cir. 2009) (concluding that the inclusion of a factual error in the indictment was not prejudicial because it was "minor" and its effect on the indictment was "inconsequential").

Slovacek also contends that the district court erred in denying his motion for acquittal on the basis of insufficiency of evidence. We review his claim de novo, *United States v. Harris*, 666 F.3d 905, 907 (5th Cir. 2012), reviewing "all evidence . . . in the light most favorable to the Government." *United States v. Moser*, 123 F.3d 813, 819 (5th Cir. 1997). The government presented ample evidence showing that Slovacek knowingly conspired to funnel funds through his business account to other bank accounts in order to conceal the nature, source, ownership, or control of the proceeds. *See United States v. Fernandez*, 559 F.3d 303, 313 (5th Cir. 2009). The government also presented evidence showing that Slovacek paid bribes to Lee and Hill in the form of kickbacks worth 10% of the subcontract that Lee and Hill obtained for him, and that he conspired with several others to do so. Because a "rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt," *United States v. Jara-Favela*, 686 F.3d 289, 301 (5th Cir. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)), we conclude that Slovacek has failed to show that there was insufficient evidence to support his convictions.

Finally, Slovacek claims that the government erred in giving an *Allen* charge to the jury after it informed the judge, after three days of deliberation, that it could not reach an agreement. Before reading the charge to the jury, the district court read the charge to the defense and the government and asked if they had any objections. Because Slovacek's attorney explicitly stated that he had "no objection to the modified charge," his claim is waived on appeal.

For these reasons, we AFFIRM the district court's judgment.

3